UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LISA FLOWERS**,

        Plaintiff,

Case No.

vs.

**POMEROY LIVING MANAGEMENT, LLC,**
a Michigan limited liability company,

        Defendant.

---

**GASIOREK, MORGAN, GRECO, MCCAULEY, & KOTZIAN, P.C.**
Angela Mannarino (P72374)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001
amannarino@gmgmklaw.com

---

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff, LISA FLOWERS, by her attorneys, GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C., states the following for her Complaint against Defendant:

1. This Complaint asserts claims of employment discrimination in violation of the Family Medical Leave Act, 29 USC §2601, *et seq.*; the

American's with Disabilities Act, 42 USC § 12101, *et seq.*; and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL §37.2101, *et seq.*, as amended.

## PARTIES

2. Plaintiff, LISA FLOWERS, is an individual who resides in the Village of Clarkston, County of Oakland, State of Michigan.

3. Defendant, POMEROY LIVING MANAGEMENT, LLC. (hereinafter "Pomeroy" or "Defendant"), is a Michigan limited liability company authorized to and doing business in Michigan with a place of business in the Village of Lake Orion, County of Oakland, State of Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because Defendant conducts business on a regular and systematic basis in the State of Michigan and has a place of business in Michigan.

5. This Court has jurisdiction over Plaintiff's FMLA and ADA claims under and pursuant to 28 USC §§1331 and 1343.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under and pursuant to 28 USC §1367, and Plaintiff's federal law claims substantially predominate over her state law claims.

2

7. On or about October 14, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Exhibit A.

8. The EEOC issued Plaintiff a Right to Sue notice on or about July 15, 2021. Exhibit B.

9. Plaintiff has timely filed this Complaint within 90 days of receiving the right to sue notice.

10. Venue is proper in this judicial district pursuant to 28 USC §1391 because the events giving rise to the claim occurred in this judicial district.

## **GENERAL ALLEGATIONS**

11. On or about September 1, 2017 Plaintiff began her employment with Defendant as a dietary employee.

12. Plaintiff is a person with a disability (anxiety) which impaired Plaintiff's ability to drive and her ability to focus

13. Plaintiff, at all times, performed her job duties and responsibilities in a manner that demonstrated that she was at least qualified to retain her positions.

14. In or around March 2020, Plaintiff began experiencing a potential symptom of COVID-19.

15. Because Plaintiff is at high risk for COVID-19, Plaintiff's treating physician excused Plaintiff from work for two weeks.

16. Unfortunately, while the COVID-19 symptom subsided, the COVID-19 pandemic exacerbated Plaintiff's disability.

17. After consulting with her treating physician, Plaintiff made a verbal request to her employer on March 27, 2020, which was supported by Plaintiff's physician, to extend her leave for a brief time so that Plaintiff could work on improving the effects of her disability with medication.

18. In response to Plaintiff's request for a brief extension to the two weeks of leave she had already been granted, Defendant informed Plaintiff that she did not have a disability, that she did not qualify for an accommodation, and that she had to return to work.

19. Defendant then contacted Plaintiff's physician to convince her physician that Plaintiff did not have a need for an accommodation and/or additional leave.

20. When Plaintiff informed Defendant that she would not be able to return to work until after she took the leave of absence she required to treat her serious medical condition and disability, Defendant refused to engage in the interactive process and terminated Plaintiff's employment.

21. On or about April 3, 2020, Defendant terminated Plaintiff's employment, purportedly because Plaintiff was unable to return to work.

22. Defendant's reason for termination is not true and/or a pre-text for discrimination.

23. Because of the circumstances surrounding Plaintiff's termination, reinstatement is impractical and Plaintiff seeks front pay in lieu of reinstatement.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

24. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein.

25. At all relevant times, Plaintiff was an "employee", and Defendant was an "employer" within the meaning of the ADA, 42 USC 12101, *et. seq.*

26. At all relevant times, Plaintiff was a "qualified" person with a disability, was regarded by Defendant as having a disability, and/or had a history of a disability under the ADA.

27. The ADA prohibition against disability discrimination includes, but it not limited to, exclusion from employment in the hiring, or in workforce organization, re-organization and position assignments, termination decisions, and other terms, conditions, and privileges of employment.

28. Defendant had direct notice of Plaintiff's disability.

5

29. Defendant regarded and perceived Plaintiff as having or suffering from a disability.

30. Defendant violated the ADA by discriminating against Plaintiff because of her disability, history of disability, and/or perceived disability in the following respects:

- a. Terminating Plaintiff's employment because of her disability, history of disability, or perceived disability.
- b. Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment because of her disability, history of disability, or perceived disability.
- c. Treating Plaintiff differently, or less favorably, than employees who were not disabled, had a history of disability, or perceived and regarded as disabled.
- d. Limiting, segregating, or classifying Plaintiff in a way which deprived or intended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff's employment because of a disability, history of disability, or perceived disability.
- e. Segregating, classifying, or otherwise discriminating against and disparately treating Plaintiff on the basis of a disability or perceived disability with respect to the terms, conditions, or privileges of employment.
- f. Failing and refusing to engage in an interactive process with Plaintiff and/or to identify positions for which Plaintiff was qualified and would accommodate her disability.

31. As a direct and proximate result of Defendant's discriminatory and illegal acts, which acts were based on unlawful considerations of

6

Plaintiff's disability, history of disability, and/or perceived disability, Plaintiff suffered damages, including but not limited to: (1) the loss of past and future employment income and employee benefits, (2) personal injuries including but not limited to mental, emotional, and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (3) a sense of outrage and injury to her feelings, and (4) injury to her professional reputation.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter a judgment in her favor, and against Defendant for (1) compensatory damages in an amount to be determined by the jury, (2) exemplary and/or punitive damages, and (3) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees, pursuant to 42 USC § 12205.

### **COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF MICHIGAN'S PWDCRA**

32. Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein

33. Michigan's PWDCRA guarantees employees (like Plaintiff) that they have a right to be free of discrimination on account of any disability, history of disability, or perceived disability that they experience.

7

34. At all relevant times, Plaintiff was an "employee" as that term is defined by the PWDCRA.

35. Plaintiff is/was disabled as defined by the PWDCRA.

36. Defendant was advised and/or aware of Plaintiff's disability.

37. Defendant regarded and perceived Plaintiff as having or suffering from a disability.

38. Defendant violated the PWDCRA by discriminating against Plaintiff because of his disability, history of disability, or perceived disability in the following respects:

   a. Terminating Plaintiff's employment because of her disability, history of disability, or perceived disability.

   b. Discriminating against Plaintiff with respect to compensation or the terms, conditions, or privileges of employment because of her disability, history of disability, or perceived disability.

   c. Treating Plaintiff differently, or less favorably, than employees who were not disabled.

   d. Limiting, segregating, or classifying Plaintiff in a way which deprived or intended to deprive Plaintiff of employment opportunities or otherwise adversely affecting the status of Plaintiff's employment because of a disability, history of disability, or perceived disability.

   e. Segregating, classifying, or otherwise discriminating against and disparately treating Plaintiff on the basis of a disability, history of disability, or perceived disability with respect to the terms, conditions, or privileges of employment.

39. As a direct and proximate result of Defendant's discriminatory and illegal acts, which acts were based on unlawful considerations of Plaintiff's disability, history of disability, or perceived disability, Plaintiff suffered damages, including but not limited to: (1) the loss of past and future employment income and employee benefits, (2) personal injuries including but not limited to mental, emotional, and psychological distress, anxiety, humiliation, embarrassment, derogation, and physical ailments, (3) a sense of outrage and injury to her feelings, and (4) injury to her professional reputation.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter a judgment in his favor, and against Defendant for (1) compensatory damages in an amount to be determined by the jury, (2) exemplary and/or punitive damages, and (3) interest and the costs of litigation, including but not limited to reasonable attorney fees and witness fees.

### **COUNT III – VIOLATION OF FAMILY MEDICAL LEAVE ACT (RETALIATION AND INTERFERENCE)**

40. Plaintiff repeats and reincorporates each and every paragraph of this Complaint as though fully set forth herein verbatim.

41. At all relevant times, Plaintiff was an eligible employee pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 USC §2611(2).

42. At all relevant times, Defendant was a covered employer pursuant to the FMLA, 29 USC § 2611(4).

43. At all relevant times, Plaintiff suffered from a "serious health condition" as defined by the FMLA, 29 USC § 2611(11).

44. Defendant had a duty pursuant to the FMLA to provide Plaintiff with up to twelve work weeks of leave per twelve-month period due to a serious health condition that rendered Plaintiff incapable (even temporarily or intermittently) of performing the functions of her job.

45. The FMLA makes it unlawful for any employer to deny the exercise or the attempt to exercise any right provided under the FMLA to an eligible employee. 29 USC § 2615.

46. Additionally, the FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA to an eligible employee. 29 USC § 2615.

47. Defendant violated Plaintiff's rights under the FMLA by:

   a. Discouraging Plaintiff from exercising her rights under the FMLA,

   b. Interfering with Plaintiff's exercise of her rights under the FMLA,

   c. Retaliating against Plaintiff for exercising her rights under the FMLA, and

      d. Discharging and/or otherwise discriminating against Plaintiff because of having exercised her rights under the FMLA.

48. As a direct and proximate result of the Defendant's violation of the FMLA, Plaintiff has suffered damages including, but not limited to, past and future income and employee benefits, physical pain and suffering, mental anxiety and emotional distress, humiliation, outrage and loss of professional and personal reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorney fees.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**

BY:    /s/ *Angela Mannarino*
Angela Mannarino (P72374)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
Dated: October 15, 2021     amannarino@gmgmklaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LISA FLOWERS**,

      Plaintiff,

      Case No.

vs.

**POMEROY LIVING MANAGEMENT, LLC,**
a Michigan limited liability company,

      Defendant.

---

## **DEMAND FOR JURY TRIAL**

Plaintiff, LISA FLOWERS, by her attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., demands a trial by jury in this cause of action.

Respectfully submitted,

**GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.**

BY:   */s/ Angela Mannarino*
ANGELA MANNARINO (P72374)
Attorneys for Plaintiff
30500 Northwestern Hwy Suite 425
Farmington Hills, MI 48334
(248) 865-0001
amannarino@gmgmklaw.com

Dated: October 15, 2021